UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELVIN STEEN** and **SHARLENE BAUGH,**

      **Plaintiffs,**                        Case No. 06-10161

vs.                                      HONORABLE DENISE PAGE HOOD

**CITY OF HAZEL PARK, et al.,**

      **Defendants.**

_____/

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Dismissal and Summary Judgment filed March 21, 2006. There has been no response to the Defendants' Motion.

Plaintiffs Melvin Steen and Sharlene Baugh allege in their Complaint filed on January 11, 2006, one count of violation of Plaintiff's Civil Rights pursuant to 42 U.S.C. § 1983 against Defendants City of Hazel Park, Judge Keith Hunt, City Attorney Barbara Boland, Public Safety Officer Holka, and Public Safety Officer Williams, all in their individual and public capacities.

In their Motion, the Defendants ask this Court to grant the Motion for Dismissal and Summary Judgment claiming that the Plaintiffs have failed to state a cause of action for relief under 42 U.S.C. § 1983.

For the reasons stated herein, this Court GRANTS Defendants' Motion for Dismissal and Summary Judgment and DISMISSES Plaintiffs' Complaint.

## II.  STATEMENT OF FACTS

### Background

On October 23, 2005, Defendant Holka stopped Plaintiff Steen for a traffic violation of obstructed vision in the City of Hazel Park. (Defs.' Mot. for Dismissal and Summ. J. at 1). Defendant Holka made contact with the driver, Plaintiff Steen, who stated that he did not have a driver's license or photo identification. (Defs.' Mot. for Dismissal and Summ. J. at 1). Plaintiff, Steen was arrested for the misdemeanor of no operator's license, never acquired, and placed in the back seat of the patrol vehicle. (Defs.' Mot. for Dismissal and Summ. J. at 1). Defendant Holka ran the license plate and learned that the passenger, Plaintiff Baugh, was the registered owner of the vehicle and received confirmation via LEIN that there was an outstanding warrant for her arrest. (Defs.' Mot. for Dismissal and Summ. J. at 1). While awaiting confirmation from the Detroit Police Department on the warrant, Plaintiff Baugh, was placed in the rear seat of Defendant Williams' patrol car and an inventory search was conducted of the vehicle prior to impoundment. (Defs.' Mot. for Dismissal and Summ. J. at 1).

The Detroit Police Department subsequently confirmed the warrant, but declined to pick up Plaintiff Baugh. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Baugh was advised of the warrant status and released. (Defs.' Mot. for Dismissal and Summ. J. at 2).

Plaintiff Steen was transported to the Hazel Park Police department, and issued a citation for no operator's license, never acquired, and lodged in the City jail. (Defs.' Mot. for Dismissal and Summ. J. at 2).

On October 28, 2003, Plaintiff Steen was brought before Defendant Judge Hunt for arraignment, was provided an advice of rights form which he signed, and plead guilty to never

having obtained a Michigan operator's license, and to being responsible for the traffic violation of obstructed vision. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Steen was assessed a fine and costs of $600.00 or ordered to serve 30 days in Oakland County Jail on the misdemeanor, and assessed a $50.00 fine on the civil infraction. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Steen requested time to pay the fees, and the request was denied. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Steen then withdrew his plea and a bond of $250.00 was set. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Steen filled out a petition for a public defender. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Steen was notified that jury selection for his case was scheduled for January 26, 2004 at 8:15 A.M., and Mr. David Domstein was appointed by the court to represent him. (Defs.' Mot. for Dismissal and Summ. J. at 2). Plaintiff Steen did not arrive at the court at his scheduled time and the jury pool was excused. (Defs.' Mot. for Dismissal and Summ. J. at 2). The court assessed Plaintiff Steen $100.00 for contempt of court, or failure to appear at the scheduled time, and rescheduled the matter for another pre-trial on February 12, 2004. (Defs.' Mot. for Dismissal and Summ. J. at 2-3). The February 12, 2004 pre-trial was adjourned at the request of Plaintiff's counsel to February 26, 2004. (Defs.' Mot. for Dismissal and Summ. J. at 3). Mr. Domstein requested to be allowed to withdraw as counsel and expressed Plaintiff's desire to proceed in pro per. (Defs.' Mot. for Dismissal and Summ. J. at 3). A new pre-trial date was scheduled for March 25, 2004 where Plaintiff Steen is alleged to have requested a bench trial. (Defs.' Mot. for Dismissal and Summ. J. at 3). On March 25, 2004, the court sent notice that the case was scheduled for May 5, 2004. (Defs.' Mot. for Dismissal and Summ. J. at 3). On March 29, 2004, a new notice was sent to Plaintiff Steen that the matter was rescheduled for May 6, 2004. (Defs.' Mot. for Dismissal and Summ. J. at 3).

Mr. Charles Cooper was the prosecutor for Defendant City of Hazel Park and appeared for the trial/formal hearing. (Defs.' Mot. for Dismissal and Summ. J. at 3). Plaintiff Steen requested that Defendant Judge Hunt recuse himself from the case because he had fined Plaintiff Steen for contempt of court for being late, and that he had already been punished for the offense. (Defs.' Mot. for Dismissal and Summ. J. at 3). The court found Plaintiff Steen guilty of the offense with which he was charged and assessed him a $240.00 for the misdemeanor, crediting him with the $150.00 he paid on the contempt of court and $50.00 for the civil infraction. (Defs.' Mot. for Dismissal and Summ. J. at 3).

Plaintiffs brought this Complaint alleging it appears a claim of false arrest, illegal search and seizure, denial of a right to trial by jury, denial of the right to call witnesses or be represented by a lawyer, and various other constitutional violations.

Defendants filed this Motion for Dismissal and Summary Judgment claiming that probable cause to arrest, qualified immunity and absolute immunity protect the Defendants.

## III.  STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d

43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. ANALYSIS

A hearing was scheduled on Defendants' Motion for Dismissal and Summary Judgment on May 16, 2006 at 4:30 P.M. Counsel for the Defendant was present, but neither of the Plaintiffs appeared. Since Plaintiffs have not responded to the instant Motion, this Court grants the Defendants' Motion for Dismissal and Summary Judgment and dismisses Plaintiffs' Complaint without prejudice.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Dismissal and Summary Judgment **[Docket No. 15, filed March 21, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint **[Docket No. 1, filed January 11, 2006]** is DISMISSED without prejudice.


Dated: May 31, 2006                                           /S/ DENISE PAGE HOOD
Detroit, Michigan                                           UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2006, by electronic and/or ordinary mail.

                                            s/William F. Lewis
                                            Case Manager